UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NADINE WALLER,

        Plaintiff,

                                                      Case number 03-70932
v.                                               Honorable Julian Abele Cook, Jr.

FORD MOTOR COMPANY,

        Defendant.

ORDER

        This litigation involves a variety of claims by the Plaintiff, Nadine Waller, who charges her former employer, Ford Motor Company ("Ford Motor"), with acts  of wrongful and illegal discriminatory conduct which include such matters as race and disability issues, impermissible acts of retaliation, as well as a violation of its contractual obligations.[1]  Before this Court is a  motion for summary judgment by Ford Motor, in which it contends, in essence, that there are no genuine issues of a material fact to be resolved in this litigation.  For the reasons that have been set forth below, Ford Motor's application for dispositive relief will be granted.

I.

        Nadine Waller began her employment with Ford Motor  in 1990, and subsequently became an assembler two years later.  In 1995, she developed carpal tunnel syndrome and incurred a series of other physical injuries and emotional problems.  As a result of these various maladies, Waller

---

[1]Waller has withdrawn her claim for breach of contract against Ford Motor under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185. Thus, this claim is dismissed.

took several medical and disability leaves and returned to work with medical restrictions that had been imposed by her physician which included such prohibitions against an excessive amount of bending, lifting, standing, walking, and a repetitive use of her hands. However, her job tenure came to an end when she was discharged by Ford Motor on February 5, 2003.

II.

In addressing matters relating to motions for summary judgment, the Supreme Court opined in 1986 that "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Federal Rule of Civil Procedure 56©. provides that a motion for summary judgment should be granted only if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Here, the burden is upon Ford Motor, as the moving party, to demonstrate the absence of a genuine issue of a material fact in this legal proceeding. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In assessing this pending dispositive motion, the Court must examine all pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the non-moving party. Fed. R. Civ. P. 56©; see *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). Thus, it is the responsibility of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Hence, Ford Motor can prove that a genuine factual issue is lacking if it can (1) present a sufficiency of evidence which would make the issue "so one-

sided that [it] must prevail as a matter of law," *id.* at 252, or (2) point to the failure of Waller to present enough evidence that is "sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Upon such these circumstances, Waller must act affirmatively to avoid the entry of a summary judgment against her. Fed. R. Civ. P. 56(e). However, a mere scintilla of supporting evidence is insufficient to ward off the granting of a dispositive award in favor of the movant . *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. BradFord Motor & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Indeed, "[i]f the evidence is merely colorable or is not significantly probative summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

III.

In general, it is the overall position of Ford Motor that none of Waller's allegations warrant the presentation of these issues to a jury. Initially, it challenges the viability of Waller's claim of discrimination on the basis of her claimed disability. In order to establish a *prima facie* case of discrimination under the Americans with Disabilities Act ("ADA") and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), an aggrieved person, such as Waller, must demonstrate that she (1) is a disabled person within the meaning of the ADA and the PDCRA, (2) is qualified to perform the essential functions of her job with or without a reasonable accommodation; and (3) suffered an adverse employment decision as the result of her disability. *Sullivan v. River Valley School District*, 197 F.3d 804, 810 (6th Cir. 1999).

A qualified individual with a disability has been described as one who (1) is able to satisfy the requisite skill, experience, education, or other work-related requirements of the job and (2) can perform the essential functions of the job assignments with or without a reasonable accommodation. 42 U.S.C. §12111(8). The words, "essential functions," as used in §12111(8), refers to "the

fundamental job duties of the employment position the individual with a disability holds or desires" and "does not include the marginal functions of the position." *EEOC Regulations*, 29 C.F.R. §1630.2(n)(1). Moreover, "consideration shall be given to the employer's judgment as to what functions of a job are essential." 42 U.S.C. §12111(8).

In its motion, Ford Motor submits that Waller, though disabled, cannot make a *prima facie* case of disability discrimination because she was unable to perform the essential functions of her job with or without any reasonable accommodation. Ford Motor points to Waller's medical restrictions which included (1) no lifting over 10 pounds, (2) no walking or standing over a two hour interval, (3) no constant bending or twisting, and (4) an ability to take breaks from her job assignment every two hours. Although Waller was assigned to do a variety of tasks within her classification of an assembler, she was unable to perform any of these assignments without visiting the medical office or being sent home early. However, Waller maintains that this argument is flawed, claiming that Ford Motor had purposefully declined to assign jobs to her that she could perform.

The language within these two statutes (i.e., ADA and the PDCRA), upon which Waller relies, requires an aggrieved employee to possess the ability to perform the essential functions of her job in order to establish a *prima facie* case of discrimination. *See Sullivan*, 197 F.3d at 810. On the other hand, the law does not require Ford Motor to accommodate Waller by changing her job title and assigning her to a lesser demanding form of work - in this case, the duty of sorting nuts and bolts. There is evidence in the record which indicates that, despite having been assigned such relatively mundane tasks as keeping abreast of, and reporting, any line stoppages that may occur during a regular work day, Waller was unable to perform these assigned duties. (Pl. Dep. at 130). Moreover, when Waller was assigned to non-production jobs, she was unable to keep up with the

extensive amount of required walking and/or bending because of her back problems.  (Pl. Dep. at 145, 194).  Therefore, inasmuch as there is no evidence that Waller was able to perform the essential functions of an assembler and, thereby satisfy the second element for a *prima facie* case of discrimination, this claim must be dismissed.

Turning to Waller's claim of racial discrimination and in order to establish a *prima facie* case of race discrimination under Title VII or the Elliot- Larsen Civil Rights Act of Michigan ("ELCRA"), Waller must prove that she (1) is a member of the protected class, and (2) was qualified for the job, but was subjected to an adverse employment action under circumstances that give rise to an inference of discrimination.  *Talley v. Bravo Pinto Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995).  If an aggrieved party is able to establish a prima facie claim of racial discrimination, the burden shifts to the employer to proffer a legitimate, non-discriminatory reason for the adverse employment action at issue.  *Talley*, 61 F.3d at 1246.  In the event that  the employer can satisfy this legal obligation, the burden returns to the aggrieved party who must thereafter demonstrate that the proffered reason is merely a pretext for its alleged tort.  *Id*.

Here, Waller, despite having satisfied the first essential element of her claim (i.e., member of a protected class), has failed to meet the second requisite step under *Talley* which obligates her to demonstrate that she was qualified to perform the work assignments. There is nothing in this record with which to counter the allegations by Ford Motor on this issue. Despite her assertions to the contrary, Waller did not submit any credible evidence with which to demonstrate that she was able to perform her duties.  Moreover, Waller has not presented  evidence of any job that she was able to perform to full productivity during the times that are relevant to this controversy..  Hence, she has failed to satisfy her burden of establishing that she was qualified for any of the job assignments

Even if Waller had been able to establish a *prima facie* case of race discrimination, Waller has not satisfactorily demonstrated that Ford Motor's stated reason for placing her on a "no work available" status and thereafter terminating her employment status with the company was merely a pretext. In its pleading papers, Ford Motor submits that Waller was discharged because she had made unwarranted threats against a plant nurse and other co-workers. Waller, in asserting that this reason by Ford Motor is pretextual, contends that there were other employees who were not equally disciplined for similar infractions of the plant rules and regulations. However, she has failed to submit evidence of any similarly situated Ford Motor employees who were treated differently than her. Hence, the Court cannot find that the proffered reason by Ford Motor for placing Waller on a "no work available" status and subsequently discharging her is false or pretextual. As a consequence, this claim by Waller must be rejected as being without merit.

Ford Motor also contends that Waller's claim of retaliation should be dismissed, as well. A *prima facie* case of retaliation requires a showing that (1) Waller engaged in a protected activity, (2) this was known to the employer, (3) the employer took an employment action which was adverse to her, and (4) there was a causal connection between the protected activity and the adverse employment action by Ford Motor . *Polk v. Freight Sys., Inc.*, 876 F.2d 527, 731 (6th Cir.1989). If she is successful in establishing a *prima facie* case of retaliation, "the burden shifts to [Ford Motor ] to establish a legitimate, nondiscriminatory reason for the adverse employment action". *Id.* Under this burden shifting standard, Waller has the burden of proving that Ford Motor's proffered reason for the adverse employment action was pretextual. *Id.*

Title 42 of the United States Code, section 2000e-3 provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any

manner in an investigation, proceeding, or hearing under this title.

Waller makes two arguments in support of her claim of retaliation; namely, she (1) is a victim of racial discrimination by Ford Motor and (2) was struck by a hi-lo vehicle within minutes after her administrative grievance was filed with the company. These grounds must be rejected for two reasons. First, as noted earlier in this opinion, the Court has rejected Waller's allegations that she was subjected to discrimination on the basis of her race or disability.  Second, Waller, aside from conjecture, has not offered any credible evidence which would suggest that her unfortunate contact with the hi lo vehicle had any nexus to the administrative grievance that she had filed. Moreover, Waller acknowledged in her deposition that the driver of the hi-lo, after admitting that he had not seen her prior to the collision, expressed his apologies for the mishap.  Without any showing that there was a causal connection between the protected activity and the adverse employment action, Waller has not established a *prima facie* case of retaliation.  Therefore, there can be no genuine issue of material fact regarding Waller's claim for retaliation.

IV.

Accordingly, Ford Motor has shown to the satisfaction of this Court that there are no genuine issues of a material fact which should be resolved by a jury.  Therefore, Ford Motor's motion for summary judgment must be, and is, granted for the reasons that have been set forth in this opinion..

IT IS SO ORDERED.


DATED: September 7, 2005                                  s/ Julian Abele Cook, Jr.
        Detroit, Michigan                            JULIAN ABELE COOK, JR.
                                                     United States District Judge

<u>Certificate of Service</u>

I hereby certify that on September 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk